# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| KNL CONSTRUCTION, INC., | ) |
|     Plaintiff and Counter-Defendant, | ) |
| v. | )   Case No. 14-03184-CV-S-DPR |
| KILLIAN CONSTRUCTION CO., INC., | ) |
|     Defendant and Counterclaimant. | ) |

# **ORDER**

This matter comes before the Court on Defendant and Counterclaimant Killian Construction Co.'s ("Killian") Motion for Interlocutory Default Judgment and Motion to Dismiss and Suggestions in Support. (Doc. 100 and 101.) Killian moves the Court pursuant to Federal Rules of Civil Procedure 55(a), 41(b), and 16(f) to enter interlocutory default judgment[1] on Killian's Counterclaims against Plaintiff and Counter-Defendant KNL Construction, Co. ("KNL") and enter an order of involuntary dismissal of KNL's Complaint against Killian. More specifically, Killian requests the following: (1) dismissal of KNL's Complaint against Killian pursuant to Federal Rules of Civil Procedure 41(b) and/or 16(f); (2) entering interlocutory default against KNL Construction on Killian's counterclaims, pursuant to Rules 55(a) and 16(f);

---

[1] Though Killian states a few times that it is moving for default judgment, the Motion only moves the Court pursuant to Fed. R. Civ. P. 55(a). (*See* Docs. 100 and 101.) Rule 55(a) provides for an entry of default by the Clerk of the Court when a party fails to plead or otherwise defend, while Rule 55(b) provides the procedures for entry of a default judgment. "[An] entry of default under Rule 55(a) must precede [a] grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Further, Killian has not provided a computation via affidavit or otherwise, or requested a specific judgment that would allow this Court to render default judgment at this time. As such, the Court has construed the instant Motion as one for sanctions under the Federal Rules and the court's inherent power, and default pursuant to Rule 55(a).

and (3) scheduling a hearing to determine the damage amount on Killian's counterclaim against KNL.[2]  For the following reasons, Killian's Motion, (Doc. 100), is **GRANTED**.

**I.     Background**

On October 26, 2015, KNL's counsel filed a Motion to for Leave to Withdraw as Counsel to Plaintiff and Counterclaim Defendant KNL Construction, Inc.  (Docs. 91 and 92.)  All of KNL's counsel, the individual attorneys and the law firms, sought to withdraw from representation.  (Docs. 91 and 92.)  Counsel stated that KNL had failed to fulfill multiple obligations to counsel, and that communications have broken down between them. (Docs. 91 and 92.)  They also noted that there had been difficulty obtaining information from KNL, and that KNL had not made payments for work done by counsel for some time.  Despite these issues, counsel continued to litigate this case on KNL's behalf.  (Docs. 91 and 92.)  However, at that point, counsel stated that they would incur substantial additional fees and costs to litigate this case through trial, which would result in an "unreasonable financial burden" on them.  Counsel also indicated that they had notified KNL of the aforementioned issues and their intent to seek withdrawal from the case. (Docs. 91 and 92.)

On October 28, 2015, the Court held a telephone conference with the parties to discuss the pending Motion to Withdraw.  (*See* Doc. 91.)  After telephone conference, the Court entered an Order directing KNL's counsel to notify KNL that it had 30 days to obtain substitute counsel because corporations are not permitted to proceed *pro se*.  (*See* Doc. 95.)  The Order also stated that counsel's motion would be granted at the end of the 30-day period or upon entry of substitute counsel, whichever occurred first.  (*Id.*)  On October 30, 2015, KNL's counsel filed a

---

[2] In alternative to this relief, Killian requested that the Court order KNL to appear and show cause as to why the instant Motion should not be granted.  As will be discussed, the Court entered a show cause Order directing KNL to show cause in a counseled writing as to why Killian's Motion should not be granted by Thursday, February 18, 2016.  (*See* Doc. 106.)

2

certificate of service indicating that they had sent a copy of the Court's Order to KNL via first class mail, certified mail, Federal Express, and electronic mail. (Doc. 96.) After the 30-day period passed and no substitute counsel had made an entry of appearance, the Court held another telephone conference with the parties on December 8, 2015. (*See* Doc. 97.) During that conference, counsel for KNL indicated that he had recently been contacted by another attorney about the case and that he had relayed that information to the attorney. (*See* Doc. 98.)

On December 9, 2015, the Court granted KNL's counsel's Motion to Withdraw, and KNL's counsel was terminated from representation in this case. (Doc. 98.) In that Order, the Court emphasized that Plaintiff had to obtain substitute counsel in order for this case to proceed because corporations may not proceed *pro se*. (*Id.* (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).) A copy of that Order was sent to KNL via regular and certified mail by the Court and former counsel for KNL. (*See* Docs. 98 and 99.)

On December 18, 2015, Killian filed the instant Motion for Interlocutory Default Judgment and Motion to Dismiss. (Docs. 100 and 101.) KNL's response was due on January 7, 2016. On January 7, KNL filed a *pro se* request for an extension of time to respond. (*See* Doc. 103.) In that request, KNL stated that it required an extension of time due to the holidays, limited funds, the change of venue from Pennsylvania to Missouri, and "just realizing" it needed a new attorney for this corporate case. (*Id.*) The Court noted that removal from the Middle District of Pennsylvania to the Western District of Missouri occurred nearly two years ago in March of 2014, (*see* Doc. 1), and that KNL had sufficient notice that it needed to obtain new counsel and ample time to do so, (*see* Docs. 91, 95, 96, 98, 99). Nonetheless, the Court granted KNL's request. (*See* Doc. 104.) The Court gave KNL up to and including Monday, February 1, 2016 to respond to Killian's Motion. Additionally, the Court noted that, as a corporation, KNL

3

was not permitted to continue to proceed *pro se*. (Doc. 104.) A copy of the Court's Order was sent via regular and certified mail to KNL, (*see* Doc. 104), and a green card showing a return of service indicates that KNL received the Order on January 19, 2016, (Doc. 105.) On February 1, 2016, KNL failed file a response to Killian's Motion.

On February 8, 2016, the Court entered an Order to show cause directing KNL to show cause in writing as to why: Killian's Motion should not be granted, KNL's claims should not be dismissed, and default should not be entered against it. (Doc. 106.) The Court further stated:

> KNL's response must be through a **counseled writing** because, as this Court has noted many times, it may not continue to proceed *pro se*. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (a corporation cannot proceed *pro se*)." (*Id.* (emphasis in original).) Failure to comply with this Order may result in any or all of the following: dismissal KNL's claims; striking KNL's responsive pleadings; entry of default against KNL; and default judgment against KNL. *See Ackra Direct Mktg. Corp.*, 86 F.3d at 856-57 (affirming default judgment rendered against a defendant corporation, which failed to obtain new counsel after being given several opportunities to do so); *Forsythe v. Hales*, 225 F.3d 487, 490-91 (8th Cir. 2001); *Acartha Grp., LLC v. Morriss Holdings, LLC*, 2013 WL 5291730 at *1 (E.D. Mo. Sept. 19, 2013) (rendering default judgment against a corporate defendant after striking its answer and entering default for failure to obtain new counsel); *see also* Fed. R. Civ. P. 16(f); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-18 (describing entry of default based on disruption of orderly processing of the case).

(Doc. 106 (emphasis in original).) To date, KNL has not filed any response with the Court – counseled or otherwise – to Killian's Motion, (Doc. 100), and the time for doing so has passed.

In the instant Motion, Killian contends that dismissal is proper for this case under both the Federal Rules of Civil Procedure and the Court's inherent power to impose sanctions. Further, it argues that case law is well-settled that an entry of default and dismissal are proper for the failure to obtain counsel and respond to or comply with court orders. (*See* Doc. 101, p. 3.) The Court takes up Killian's arguments and requests regarding default below.

**II. Discussion**

4

Federal Rule of Civil Procedure 16(f) provides that a court may, on motion or its own, enter sanctions against a party if it "fails to obey a scheduling or any other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Those sanctions can include: striking pleadings in whole or in part; dismissing an action or proceeding in whole or in part; or rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 16(f) and 37(b)(2)(A). Federal Rule of Civil Procedure 41(b) also provides that a defendant may move to dismiss an action if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Additionally, a court has inherent powers that include "the discretionary 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). In order to impose such sanctions, "a finding of bad faith is not always necessary to the court's exercise of its inherent power to impose sanctions." *Id.* (citations omitted). In certain cases where an unrepresented corporation has failed to obtain counsel despite being ordered to do so, courts have struck pleadings, entered default, and rendered default judgment against such corporations as a sanction. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (affirming default judgment rendered against a defendant corporation, which failed to obtain new counsel after being given several opportunities to do so); *Forsythe v. Hales*, 225 F.3d 487, 490-91 (8th Cir. 2001); *Acartha Grp., LLC v. Morriss Holdings, LLC*, 2013 WL 5291730 at *1 (E.D. Mo. Sept. 19, 2013) (rendering default judgment against a corporate defendant after striking its answer and entering default for failure to obtain new counsel); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-18 (describing entry of default based on disruption of orderly processing of the case).

In this case, the Court agrees that sanctions are appropriate. As discussed, KNL had adequate notice that it would need to find new counsel. KNL's previous counsel filed the Motion to Withdraw, (Docs. 91 and 92), on October 27, 2015, and the Court held a telephone conference on it just two days later, (*see* Doc. 94). The Court then entered an Order giving KNL 30 days, or until November 28, 2015, for KNL to obtain substitute counsel and for any new counsel to enter an appearance. (Doc. 95.) That same day, KNL's previous counsel sent that Order to KNL via first class mail, certified mail, Federal Express, and electronic mail. (Doc. 96.) As such, KNL had notice of the fact that it needed counsel in order to continue to litigate this case. Further, KNL's previous counsel was contacted by another attorney about potentially taking over the case, which also shows that KNL was aware that it needed counsel. Even after November 28, 2015 had passed and no substitute counsel had made an appearance, the Court gave KNL more time and opportunities to obtain counsel. Indeed, the Court waited until December 9, 2015 to grant KNL's previous counsel's Motion to Withdraw, (*see* Doc. 98), and also granted KNL's a *pro se* request for an extension of time to respond to the instant Motion, (*see* Docs. 103, 104.) Most recently, the Court entered a Show Cause Order, giving KNL yet more time to obtain counsel and respond in a counseled writing to Killian's Motion for Default. (*See* Doc. 106.) Each of these Orders emphasized that, as a corporation, KNL could not continue to proceed *pro se*. (*See* Docs. 95, 98, 104, and 106.) Despite being given ample time and opportunities to obtain new counsel, KNL failed to do so. Moreover, KNL has failed to respond to the instant Motion, even after the Court warned that the failure to respond to Killian's Motion could result in dismissal KNL's claims; striking KNL's responsive pleadings; entry of default against KNL; and default judgment against KNL.

As such, the record shows that KNL failed to comply with Court orders and obtain new counsel. Additionally, the Court notes that case has been pending for two years and, for the past 5 months, has been languishing because KNL has no counsel and thus cannot proceed with litigating this case. These actions, or lack thereof, show that KNL has generally failed to defend this case, as well as disrupted the judicial process such that it cannot move forward. Therefore, Court concludes that dismissing KNL's claims, striking its responsive pleadings, and entering default against it are appropriate sanctions. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(A); *Ackra Direct Mktg. Corp.*, 86 F.3d at 856-57; *Forsythe*, 225 F.3d at 490-91 (8th Cir. 2001); *Hoxworth*, 980 F.2d at 917-18 (describing entry of default based on disruption of orderly processing of the case); *Acartha Grp.*, 2013 WL 5291730 at *1 (E.D. Mo. Sept. 19, 2013) (rendering default judgment against a corporate defendant after striking its answer and entering default for failure to obtain new counsel); *see also* Fed. R. Civ. P. 55(a) ("When a party against who a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown . . . , the clerk must enter the party's default."); *eComSystems, Inc. v. Shared Mktg. Servs.*, 2012 WL 1094317, at *2 (M.D. Fla. Apr.2, 2012) (collecting cases finding the same; striking the corporate defendant's pleadings for failure to obtain counsel and directing the plaintiff to move for default judgment); *Pickett v. Exec. Preference Corp.*, 2006 WL 2947844, at *1-2 (M.D. Fla. Oct.16, 2006) (striking a defendant's pleadings and entering a default against the defendant for failure to comply with an order).

### III.    Conclusion

Accordingly, Killian's Motion, (Doc. 100), is **GRANTED**. KNL's Amended Complaint, (Doc. 77), is **DISMISSED in its entirety**. Additionally, KNL's Answer to Killian's

Counterclaims, (Doc. 62), is **STRICKEN in its entirety**. Further, the Clerk of the Court is hereby **DIRECTED** to make an entry of default against KNL.

Killian may file a motion for default judgment pursuant to Fed. R. Civ. P. 55(b). If and when Killian files such a motion, the Court will set a hearing as needed to enter or effectuate judgment. *See* Fed. R. Civ. P. 55(b)(2).

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 8, 2016